IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2-06CV-506-TJW |
| | § | |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; AND COMCAST OF PLANO, LP | § § § | Jury Demand |
| | § | |
| Defendant. | § | |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Defendants Comcast Corporation and Comcast Cable Communications, LLC ("Comcast Cable") (collectively, "Comcast") answer Plaintiff Rembrandt Technologies, LP's ("Rembrandt") first amended complaint as follows:

1. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Comcast denies the allegations in this paragraph regarding Comcast of Plano, LP. Comcast of Plano no longer exists. Comcast of Plano was a limited partnership organized under the laws of Delaware, with its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Comcast Corp. and Comcast Cable deny that they regularly conduct and transact business in the Eastern District of Texas. Comcast admits the remaining allegations in this paragraph.

3. This paragraph does not require a response.

4. Comcast denies that it has committed acts of patent infringement in the Eastern District of Texas. Comcast Corp. and Comcast Cable deny that they are either present or do business in this District and deny that the Court has personal jurisdiction over them.

5. Comcast denies that it has committed acts of patent infringement in the Eastern District of Texas. Comcast Corp. and Comcast Cable deny that they are either present or do

business in this District, and also deny that they have minimum contacts with this District. Comcast Corp. and Comcast Cable therefore deny that venue is proper in this judicial district.

6. This paragraph does not require a response.

7. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,008,903 ("the '903 patent").

8. Comcast admits that the United States Patent and Trademark Office issued the '903 patent on April 16, 1991. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '903 patent was "duly and legally issued" because these terms are not defined.

9. Denied.

10. Denied.

11. This paragraph does not require a response.

12. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,710,761 ("the '761 patent").

13. Comcast admits that the United States Patent and Trademark Office issued the '761 patent on January 20, 1998. Comcast is without sufficient knowledge to form a belief as to the truth of whether the '761 patent was "duly and legally issued" because these terms are not defined.

14. Denied.

15. Denied.

16. This paragraph does not require a response.

17. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt's ownership and right to enforce U.S. Patent No. 5,778,234 ("the '234 patent").

18. Comcast admits that the United States Patent and Trademark Office issued the

’234 patent on July 7, 1998. Comcast is without sufficient knowledge to form a belief as to the truth of whether the ’234 patent was “duly and legally issued” because these terms are not defined.

19. Denied.

20. Denied.

21. This paragraph does not require a response.

22. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt’s ownership and right to enforce U.S. Patent No. 6,131,159 (“the ’159 patent).

23. Comcast admits that the United States Patent and Trademark Office issued the ’159 patent on October 10, 2000. Comcast is without sufficient knowledge to form a belief as to the truth of whether the ’159 patent was “duly and legally issued” because these terms are not defined.

24. Denied.

25. Denied.

26. This paragraph does not require a response.

27. Comcast is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Rembrandt’s ownership and right to enforce U.S. Patent No. 6,950,444 (“the ’444 patent”).

28. Comcast admits that the United States Patent and Trademark Office issued the ’444 patent on September 27, 2005. Comcast is without sufficient knowledge to form a belief as to the truth of whether the ’444 patent was “duly and legally issued” because these terms are not defined.

29. Denied.

30. Denied.

Except what is specifically admitted here, Comcast denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Lack of Personal Jurisdiction)**

**Counts I-V**

1. This Court lacks personal jurisdiction over Comcast.

### SECOND AFFIRMATIVE DEFENSE

**(Improper Venue)**

**Counts I-V**

2. Venue is improper in this judicial district.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

**Counts I-V**

3. Counts I-V of the Complaint fail to state a claim upon which relief can be granted.

4. Comcast has not infringed any claim of any of the ’903, 159, ’761, ’234, ’444 patents (“Rembrandt’s asserted patents”).

5. Comcast has not caused, with knowledge, specific intent, or otherwise, equipment suppliers, service providers, and/or others to infringe any claim of any of Rembrandt’s asserted patents.

6. Rembrandt has not been damaged in any amount, manner, or at all by reason of any act alleged against Comcast and therefore the relief prayed for cannot be granted.

7. Rembrandt is not entitled to permanent injunctive relief.

### FOURTH AFFIRMATIVE DEFENSE

**(Invalidity)**

**Counts I-V**

8. On information and belief, Rembrandt’s asserted patents are invalid at least for failure to satisfy one or more of the conditions of Title 35 United States Code, including without limitation, Sections 101, 102, 103, and 112 thereof.

**FIFTH AFFIRMATIVE DEFENSE**

**(Misuse)**

**Counts I-V**

9. On information and belief, Rembrandt's asserted patents have been misused by Rembrandt by the commencement and maintenance of this action, in bad faith, without probable cause in knowing, or when it should have known, that it had no valid claim of patent infringement against Comcast, and for Rembrandt's enforcement of said patents and demands for royalties and other damages with respect to products not covered by its patents.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

**Counts I-V**

10. Rembrandt's claims are barred, in whole or in part, by the doctrine of laches.

11. More specifically, and without limiting the generality of the foregoing paragraph, Rembrandt has accused devices that practice one or more of the DOCSIS standards of infringing the patents-in-suit.

12. Comcast and/or its predecessors in interest have used products or services that comply with one or more of the DOCSIS standards since no later than May of 1998. Rembrandt knew or reasonably should have known that Comcast and/or its predecessors in interest had used such products or services at that time and since. However, Rembrandt failed to assert its current claims that Comcast infringes the patents-in-suit until November of 2006.

13. Rembrandt's delay in filing suit is unreasonable and inexcusable, and has caused Comcast material evidentiary and/or economic prejudice. Rembrandt's claims are accordingly barred by the doctrine of laches.

**COUNTERCLAIMS**

Defendant and Counterclaimant Comcast asserts the following counterclaims against

Rembrandt:

1. Comcast Corp. is a corporation incorporated under the laws of Pennsylvania, having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania. Comcast Cable is a corporation incorporated under the laws of Delaware having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania.

2. Comcast is informed and believes, and therefore alleges, that Rembrandt is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in Bala Cynwyd, Pennsylvania.

3. In its Counterclaims, Comcast seeks declarations of invalidity and non-infringement of Rembrandt's asserted patents. As such, jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and as arising under the Patent Laws of the United States, Title 35, United States Code.

4. This Court has personal jurisdiction over Rembrandt.

5. Venue in this district is proper with regards to this counterclaim under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,008,903

6. Comcast realleges and incorporates by reference Paragraphs 1 through 5 above.

7. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,008,903.

8. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

9. Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,008,903.

10. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

11. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

12. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

13. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## SECOND COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,710,761

14. Comcast realleges and incorporates by reference Paragraphs 1 through 13 above.

15. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,710,761.

16. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

17. Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,710,761.

18. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

19. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

20. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

21. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## THIRD COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,778,234

22. Comcast realleges and incorporates by reference Paragraphs 1 through 21 above.

23. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 5,778,234.

24. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

25. Comcast has not infringed, and is not now infringing, U.S. Patent No. 5,5,778,234.

26. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

27. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

28. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

29. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## FOURTH COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,131,159

30. Comcast realleges and incorporates by reference Paragraphs 1 through 29 above.

31. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 6,131,159.

32. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

33. Comcast has not infringed, and is not now infringing, U.S. Patent No. 6,131,159.

34. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

35. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

36. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

37. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## FIFTH COUNTERCLAIM FOR RELIEF

### Counterclaim for Declaratory Judgment of Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 6,950,444

38. Comcast realleges and incorporates by reference Paragraphs 1 through 37 above.

39. As a result of the charges of infringement against Comcast, an actual controversy exists as to infringement, invalidity, and misuse of U.S. Patent No. 6,950,444.

40. Comcast realleges and incorporates by reference its responses as set forth under the headings "Answer" and "Affirmative Defenses" herein.

41. Comcast has not infringed, and is not now infringing, U.S. Patent No. 6,950,444.

42. Comcast has not caused others to infringe, and is not now causing others to infringe, Rembrandt's asserted patents.

43. Rembrandt's asserted patents are invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, and 112.

44. Rembrandt has committed patent misuse by bringing this action with knowledge that Rembrandt's asserted patents are invalid and/or not infringed.

45. This counterclaim is exceptional under 35 U.S.C. § 285 and Comcast is entitled to an award of its reasonable attorneys' fees.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Comcast demands a trial by jury of all issues so triable in this action, including without limitation, those issues raised in the Complaint, Answer, Affirmative Defenses, and Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Comcast prays for judgment against Rembrandt as follows:

A. For dismissal of Rembrandt's Complaint with prejudice and that the relief requested be denied;

B. For a judgment declaring that no claim of the Rembrandt patent(s) has been infringed willfully, deliberately, or otherwise by Comcast;

C. For a judgment declaring that each and every claim of the Rembrandt patent(s) is invalid;

D. For an award of Comcast's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G. For such other and further relief as the Court may deem just and fair.

Respectfully submitted,

/s/ Jennifer Haltom Doan

Jennifer Haltom Doan, Esq.
Texas Bar No. 08809050
John P. Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN
6500 N. Summerhill Road, Suite 1A
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com

Brian L. Ferrall
Leo Lam
Mathew Werdegar
Eric MacMichael
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: blf@kvn.com

**Attorneys for Defendants**
**COMCAST CORPORATION,**
**COMCAST CABLE COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 21st day of December 2006.

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan